STOKER, Judge,
concurring.
I fully concur in the majority view. The trial court was clearly wrong in concluding that the plaintiff in this case immediately reported his injury. As the writer of the majority opinion notes, the result of this case may be harsh. However, it must be remembered that it is not a suit for worker’s compensation. Plaintiff received compensation benefits. This is a suit for statutory damages grounded on the allegation that plaintiff was fired merely because he made a worker’s compensation claim. Damages for termination based on such a cause are authorized. LSA-R.S. 23:1361.
Inasmuch as the defendant employer was within its rights, on the basis of the objective evidence, in terminating plaintiff’s employment, plaintiff cannot prevail. Even having such justification for termination, it is conceivable that a particular employer might avail itself of such justification where its real motive was retaliation. It is also conceivable that under such circumstances, if the plaintiff could prove that retaliation was the only motive for termination, the statutory damages could be awarded. The trouble with plaintiff’s case here is that Mr. Myron Ducote has not shown that retaliation was a motive, much less the sole motive.
The action of Mr. McDaniel, the project safety supervisor advising Mr. Ducote that he would be discharged if he turned in his medical bills may be quite plausibly regarded as a simple reminder to Mr. Ducote that, since he had not reported his injury as required, the rules would call for his discharge. Plaintiff, on the other hand, regards it as a threat of discharge. Unfortunately for plaintiff, he has not proved that he was given a threat rather than advice.